UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

Mary A. Larsen,

Plaintiff,

vs. MINUTE ORDER

Miller-Dwan Medical Center, Inc.,

Defendant. Civ. No. 00-2017 (PAM/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 11th day of January, 2001.

* * *

On January 10, 2001, the Court heard argument on the Plaintiff's informal Motion to Sequester undeposed witnesses from a deposition that the Plaintiff had noted, and to compel the production of a writing, prepared by defense counsel, that was employed to refresh the witness's recollection prior to her deposition. At the time of the Hearings -- one on each of the Motions -- the Plaintiff appeared by H. Jeffrey Peterson, Esq., and the Defendant appeared by Thomas F. Andrew, Esq. For the reasons stated at the close of each of the Hearings, and briefly reiterated below, we grant the Motion to Sequester, and we grant the Motion to Compel subject to a caveat. Since they address different subjects, we address the Motions separately.

JAN 10 2001
DOSAL, CLERK

1. The Plaintiff's Motion to Sequester. Unlike at Trial, where a party, with some exception, can automatically secure, under the provisions of Rule 615, Federal Rules of Evidence, the exclusion of the opposing parties' witnesses, Rule 30(c), Federal Rules of Civil Procedure, excepts discovery depositions from the provisions of Rule 615. In formulating that exception, the drafters of Rule 30(c), provided the following explanation:

> The revision provides that other witnesses are not automatically excluded form a deposition simply by the request of a party. Exclusion, however, can be ordered under Rule 26(c)(5) when appropriate; and, if exclusion is ordered, consideration should be given as to whether the excluded witnesses likewise should be precluded from reading, or being otherwise informed about, the testimony given in the earlier depositions.

Advisory Committee Notes to the 1993 Amendments to Rule 30(c), Federal Rules of Civil Procedure.

As Rule 26(c)(5) makes plain, the Court may protect a party, when justice so requires, by directing "that discovery be conducted with no one present except persons designated by the court."

The Plaintiff expresses concern that an undeposed witness could be educated by auditing the deposition of another witness and, in the Plaintiff's view, the future deponent, as to whom the Motion bears, is a material witness. In response, the Defendant represents that the presence of the undeposed witness arises from his position in the Company, and is an expression of his interest

in knowing matters relating to his area of administration. Further, the Defendant expresses concern that if, as a representative of the Defendant, the undeposed witness is excluded, the interests of justice might not be served.

As we related at the Hearing, Rule 615 excepts from the exclusionary effect of that Rule one representative of the party whose interests are aligned with those of the witness being deposed. Here, the Defendant is represented at the deposition by a representative who has already been deposed. For these purposes, we think that the due process interests, as they are highlighted by Rule 615, have been served, and we would be hesitant, absent some other showing, in allowing the Defendant's corporate representative to change, from one representative to another, so as to frustrate the purposes of Rule 615. Here, we believe the proper balance is struck by excluding the undeposed witness from the depositions until his deposition has been taken. To do otherwise could jeopardize the Plaintiff's ability to secure the independent recollections of the undeposed witness who, admittedly, will be a material witness at Trial. As the Plaintiff concedes, once the undeposed witness has completed his own deposition, the Plaintiff's concern is resolved and the witness should be allowed to attend further depositions, absent some other showing of cause.

2. The Plaintiff's Motion to Compel. Apparently, in January of 2000, defense counsel met with the witness being deposed and, following that meeting, dictated a memorandum of the witness's recollections. Approximately one week before her deposition, defense counsel met with the same witness and, among other documents, the witness reviewed defense counsel's memorandum in order to refresh her recollection of her prior statements. Once these circumstances were revealed in the course of the witness's deposition, the Plaintiff requested the memorandum be produced, and the Defendant objected on work-product grounds.

As we have noted, the Federal Rules of Evidence apply to the conduct of examination at a deposition, unless otherwise excepted. Rule 612, Federal Rules of Evidence, is not so excepted, and it allows for the questioning party to review the contents of writings employed, either at the time of questioning, or prior to questioning, to refresh the witness's recollection. The Rule makes clear that the wholesale production of such a writing could be restricted on other bases, such as relevance, privilege, or some other convincing showing. Here the writing is not available for our in camera review and, therefore, we are denied our preferred method of resolving the parties' dispute. See, Sauer v. Burlington Northern R.R. Co., 169 F.R.D. 120, 123 & n. 3 (D. Minn. 1996). Accordingly, we direct defense counsel to review the challenged writing for

privileged or otherwise irrelevant materials. If none are found, the writing should be produced to the Plaintiff at the deposition in progress but, if portions of the writing warrant protection, then defense counsel shall redact the offending portions, and submit the remaining, unredacted contents of the writing for the Plaintiff's review. If an objection is raised as to the redacted portions of the writing, then the Court will hear further argument, and conduct an in camera review of the unredacted writing.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's informal Motion to Sequester is GRANTED, and the Plaintiff's informal Motion to Compel is GRANTED to the extent allowed in the text of this Minute Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE